## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Alberto Sanchez,** | |
| Plaintiff, | Case No.   1:22-cv-00355 |
| v. | |
| **Jaguar Land Rover North America, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Alberto Sanchez** ("Plaintiff"), by and through his attorneys, **Kimmel & Silverman, P.C.,** alleges the following against **Jaguar Land Rover North America, LLC,** ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, Tex. Bus. & Com. Code §§ 2.313, 2.314, and Tex. Bus. & Com. Code §§ 17.41 *et. seq.*

### JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3.      This Court has personal jurisdiction over Defendant who conducts business in the State of Texas.

1

4.     Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff purchased the subject vehicle in Travis County; a substantial part of the events giving rise to the Plaintiff's claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles; and Defendant is subject to personal jurisdiction.

## PARTIES

5.     Plaintiff is an adult individual residing in Austin, Texas 78758.

6.     Defendant Jaguar Land Rover North America, LLC (hereinafter referred to as "Land Rover" or "Manufacturer") is a corporation doing business in Travis County in the State of Texas, and all at relevant times, was engaged in the sale, distribution, and/or importing of Jaguar Land Rover North America motor vehicles and related equipment.

7.     Land Rover is also in the business of marketing, supplying and selling warranties to the public at large through a system of authorized dealerships, including Land Rover Austin.

## FACTUAL ALLEGATIONS

8.     On or about May 1, 2021, Plaintiff leased a 2020 Land Rover Discovery Sport from Land Rover Austin in Austin, Texas bearing the Vehicle Identification Number SALCL2FX1LH842607 (hereinafter the "Vehicle"). A true and accurate copy of the Lease Agreement is attached as Exhibit "A."

9.     At all times relevant hereto, the subject vehicle was registered in the State of Texas.

10.     The contract price of the Vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $47,916.75.  *See* Exhibit "A".

11.     Defendant and its authorized sales facility delivered with the Vehicle written warranties and other express and implied warranties including, but not limited to, warranties from the Manufacturer that the Vehicle and its components would be free from all defects in material

and workmanship; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would confirm to the promises and affirmations of fact made; that Defendant would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure the Vehicle was free from any defect in material and workmanship; that Defendant would maintain the utility of the Vehicle for four years or 50,000 miles pursuant to the New Vehicle Limited Warranty, and would conform the Vehicle to the applicable express warranties. A copy of the written warranty is in possession of the Defendant.

12.     The vehicle has exhibited defects and/or conditions and/or non-conformities that Plaintiff detailed to Defendant's authorized warranty repair facility and presented for repair on various occasions.

13.     Plaintiff has duly performed all the conditions under the express and implied warranties, except insofar as the acts and/or omissions of the Defendant prevented and/or excused such performance.

14.     Texas Law and Federal warranty laws require repairs to be completed within a reasonable time.

15.     As a result of the ineffective repair attempts made by Defendant through its authorized agents, the Vehicle's use, value and safety have been substantially impaired and Plaintiff is unable to utilize the vehicle for its intended purposes.

16.     The subject vehicle failed to meet the standard guaranteed as it is afflicted with certain defects and non-conformities, including but not limited to an electrical defect causing the Vehicle's doors to malfunction.

17.     In connection with the substantial non-conformities, Plaintiff presented the Vehicle to Defendant's authorized service and repair facility ("Service Facility") located at Land Rover

Austin, on August 4, 2021 to remedy these concerns. A true and accurate copy of this Repair Order is attached as Exhibit "B" At this time, the Vehicle's odometer reflected 3,222 miles. Plaintiff informed the Service Facility that multiple doors on the Vehicle were malfunctioning, were stuck closed and could not be opened. The Service Facility placed an order for parts and/or materials in an effort to make needed repairs, however it informed Plaintiff that they would not arrive for approximately two to three months.

18.     On September 28, 2021, Plaintiff again presented the Vehicle for repair at the Service Facility in connection with the same electrical system defect. At this time, the Vehicle's odometer reflected 5,027 miles. On this occasion, the vehicle was not returend to Plaintiff and has remained at the Service Facility for nearly 160 days as of the date of this filing and will remain there for an indeterminate number of additional days.

19.     To reiterate, as of the date of this filing, the Vehicle has remained at the Service Facility in a defective state for approximately 5 months and Plaintiff has received no notice when the repairs will be completed.

20.     Based upon the above, it is indisputable that Defendant has failed to repair the vehicle within a reasonable amount of time, as required by the warranties issued and by law.

21.     Plaintiff notified Defendant, of the defects, malfunctions, maladjustments, and/or nonconformities with the Vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

22.     Defendant through its authorized service facility represented to Plaintiff that the Vehicle would be made to conform to the applicable warranties, however the service facility and/or the Manufacturer and/or its representatives have failed to make the Vehicle conform to the

applicable warranties despite trying to do so for nearly 5 months, which is more than a reasonable amount of time.

23.     As the vehicle remained at the service facility, Plaintiff retained legal counsel and provided Defendant with timely notice of his claim prior to filing suit.

24.     Plaintiff's counsel notified Land Rover of its representation over one hundred fifty (150) days prior to the filing of this Complaint in which time Land Rover failed to address, discuss or offer resolution.

25.     Plaintiff avers that 150 days without confirming the vehicle to the written warranties on a newly leased vehicle is unreasonable as a matter of law and an intentional act by Land Rover to deprive Plaintiff of the benefit of his bargain.

26.     Because Land Rover has failed and continues to fail in repairing the Vehicle and/or bringing it into conformity with the warranties referred to above, or provide any estimate of when the repairs would be complete, or even to communicate with Plaintiff's legal counsel in any meaningful way, Plaintiff has had no other choice but to file suit to seek redress and damages.

**FIRST CAUSE OF ACTION**
**Breach of Warranty Pursuant to the Magnuson-Moss**
**Warranty Improvement Act, 15 U.S.C. § 2301, *et seq*.**

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

29.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

30.     The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

31.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

32.    15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

23.    Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely make repairs.

24.    Defendant has failed to remedy vehicle defects within a reasonable time, thereby breaching the written warranties it issued.

25.    As a result of Defendant's conduct and/or failure to timely and/or properly repair the vehicle, Plaintiff has suffered damages and is left with a vehicle that cannot meet his reasonable needs as marketed by Defendant.

26.    As a result of Defendant's actions, Plaintiff has been required to retain legal counsel to recover his damages.

27. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

   a.   If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

28.    Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

29. As a direct and proximate result of Defendant's failure to comply with its express

written, implied warranties and contracts, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

30. Defendant's warranty was not provided to Plaintiff until after the vehicle was delivered, making any and all limitations, disclaimers and/or alternative dispute provisions ineffective for a failure of consideration.

31. Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees and cost are recoverable and are demanded against Defendant. Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant is a merchant with respect to motor vehicles.

34. The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and V.T.C.A., Bus. & C. § 2.314, running from the Defendant to the Plaintiff.

35. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

36. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

37.     Indeed, the Vehicle suffered from severe electrical defects that prevented Plaintiff from being able to properly use the Vehicle.

38.     The persistent defects in the electrical system are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them, to serious risk of accidents and injury or death.

39.     Plaintiff notified Defendant of the electrical defects in the Vehicle within a reasonable time after Plaintiff discovered them.

40.     As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

### THIRD CAUSE OF ACTION
**Breach of Express Warranties**
**Tex. Bus. & Com. Code § 2.313**

41.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.      In connection with the sale of the Vehicle to the Plaintiff, Defendant provided the Vehicle subject to the manufacture's standard New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the brake system and its components.

43.     Plaintiff relied on Defendant's warranties when he agreed to purchase or lease the Vehicle and Defendant's warranties were part of the basis of the bargain.

44.     In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's authorized repair facilities in his state to perform warranty repairs. However, Defendant failed to service or repair the Vehicle to match the written warranty within a reasonable

amount of time. In fact, Defendant has still been unable to repair the defect even after 5 months. Defendant has given Plaintiff no inclination as to when repairs will be completed.

45.     As a result of said nonconformities, Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

46.     Plaintiff could not have reasonably discovered said nonconformities with the Vehicle prior to Plaintiff's acceptance of the Vehicle.

47.     Plaintiff would not have purchased the Vehicle, had he known, prior to his time of purchase, that the Vehicle contained the aforementioned defects.

48.     As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of his Vehicle, and a diminution in the value of the Vehicle containing the defects identified herein.

**FOURTH CAUSE OF ACTION**
**Texas Deceptive Practices Act  ("DTPA")**
**Tex. Bus. & Com. Code § 17.41, *et seq.***

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The subject vehicle is "goods" under Tex. Bus. & Com. Code § 17.45(1) because it is tangible chattel that was purchased or leased for use.

51.     Defendant is a "person" under Tex. Bus. & Com. Code § 17.45(3) because it is a corporation.

52.     Plaintiff is a "consumer" under Tex. Bus. & Com. Code § 17.45(4) because he sought or acquired the subject vehicle by purchase.

53.     At all relevant times, Defendant engaged in "trade" and "commerce" under Tex. Bus. & Com. Code § 17.45(6) by advertising, offering for sale, selling, leasing, and/or distributing the subject vehicle in the United States, including Texas, directly or indirectly affecting Texas citizens through that trade and commerce.

54.     Defendant violated the DTPA because Defendant engaged in false, misleading, and deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.46(b) and 17.50(a)(1). Specifically, Defendants:

  a) Represented that goods have sponsorship, approval, characteristics, uses, benefits, or qualities that they do not have; and,

  b) Falsely represented that goods are of a particular standard, quality or grade.

55.     Under the DTPA, false, misleading, and deceptive acts or practices include "any unconscionable action or course of action by any person." Tex. Bus. & Com. Code § 17.50 (a)(3). The DTPA defines an "unconscionable action or course of action" as "an act or practice, which . . . takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Id. § 17.45(5).

56.     Defendant violated the DTPA as it represented that the subject vehicle had characteristics and benefits that it does not have, and represented that it was of a particular standard, quality, or grade when it was of another.

57.     At the time of sale, Plaintiff relied on Defendant's representations that the subject vehicle was free of defects that substantially impair its use, value, or safety.  Plaintiff relied on these representations to his detriment, a he believed he was purchasing a merchantable vehicle, when in fact, the vehicle contained significant defects and/or nonconformities. Had Plaintiff

known the subject vehicle and its electrical system was defective, he would not have purchased the subject vehicle.

58.    Plaintiff alleges that Defendant's misrepresentation of the subject vehicle constitute "unconscionable action or course of action," as defined under the DTPA.

59.    Plaintiff further alleges that Defendant violated the DTPA because Defendant breached implied warranties concerning the subject vehicle.

60.    The conduct described in the preceding paragraphs was a producing cause of damages to Plaintiff. As such, Plaintiff seeks all damages allowed by the DTPA, including but not limited to, treble damages, punitive damages, and attorney's costs and fees.


## PRAYER FOR RELIEF

**Wherefore**, Plaintiff, **Alberto Sanchez,** respectfully prays for judgment as follows:

a.    An order approving revocation of acceptance of the subject vehicle;

b.    For a trial by jury on all issues except the determination of reasonable attorney's fees and costs and the determination of which damages shall be trebled, which are reserved for determination by the Court in the event that Plaintiff prevails at a trial on the merits;

c.    The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

d.    Incidental and consequential damages;

e.    Costs, including expert witness fees and reasonable attorney's fees;

f.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Alberto Sanchez**, demands a jury trial in this case.

Respectfully submitted,

Dated:                                      By: *s/ Craig Thor Kimmel*
                                            Craig Thor Kimmel, Esq.
                                            Kimmel & Silverman, P.C.
                                            30 East Butler Pike
                                            Ambler, PA 19002
                                            Phone: 215-540-8888
                                            Facsimile: 877-788-2864
                                            Email: teamkimmel@creditlaw.com